FRANCIS J. HUGHES, ESQ., SBN 61569
CAROLYN TOBIASON STUART, ESQ., SBN 108863
CHRISTOPHER J. HERSEY, ESQ., SBN 197767
AMBER S. CROTHALL, ESQ., SBN 227173
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California   95110
Telephone:  (408) 292-1765
Facsimile:  (408) 436-8272

KURT F. GWYNNE (admitted pro hac vice)
REED SMITH LLP
120 Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:  (302) 778-2575

ALAN COTLER (pending admission pro hac vice)
JOAN YUE (admitted pro hac vice)
REED SMITH LLP
1650 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 851-8100
Facsimile:  (215) 851-1420

Attorneys for Defendant DEVCON CONSTRUCTION, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: C05-787 PVT |
| EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.), et al., | **STIPULATION AND [PROPOSED] ORDER GOVERNING THE DISCOVERY OF CERTAIN ELECTRONIC INFORMATION FROM NON-PARTY ELLYN FREED'S PERSONAL COMPUTER** |
| Debtor, | |
| EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.), | |
| Plaintiff, | |
| v. | |
| DEVCON CONSTRUCTION, INC., SHARP DEVELOPMENT COMPANY, INC., and SHARP LAFAYETTE, LLC, | |
| Defendants. | |

WHEREAS, Defendant Devcon Construction Inc. ("Devcon") has issued a Subpoena Duces Tecum (the "Subpoena") to non-party Ellyn Freed ("Freed") for the discovery of certain electronic communications in the above-captioned matter (the "Litigation");

WHEREAS, Freed has already produced her business computer in response to the Subpoena;

WHEREAS, Devcon has filed a Motion to Compel Enforcement of Subpoena Duces Tecum against Freed to produce her personal computer in response to the Subpoena, in addition to the prior production of her business computer;

WHEREAS, for the discovery and disclosure of electronic data, Devcon and Freed seek adequate protection to afford against the loss of computer evidence and any damage resulting therefrom; and

WHEREAS, Devcon and Freed agree that Freed has a compelling privacy interest in the personal information on her personal computer, including without limitation highly sensitive personal financial information;

NOW THEREFORE, Devcon and Freed, acting by and through their undersigned counsel, hereby stipulate as follows:

1.  As used in this Stipulation, the phrase "Computer Evidence" means electronic data, records, drawings, software, memory or other information stored, used or maintained in any computer medium including but not limited to any tape, disk, hard drive, zip drive or other computer.

2.  Freed shall permit Kroll Ontrack prompt and complete access to her personal computer or all hard drives therein (the "Subject Computer") for the purpose of copying Computer Evidence therein.  Freed and Devcon understand that all Computer Evidence copied by Kroll Ontrack shall be deemed Confidential and Attorneys Eyes Only pursuant to the Protective Order under Fed. R. Civ. P. 26(c)(7) in force in the Litigation, Docket Item 74, and agree that such evidence shall not be used outside of the Litigation or for any other purpose.

3.  Devcon and Freed agree that, prior to shipment of the Subject Computer to Kroll Ontrack, Freed may (i) remove all Quicken and Turbo Tax programs, (ii) remove all tax returns,

1

STIPULATION AND [PROPOSED] ORDER GOVERNING THE DISCOVERY OF CERTAIN ELECTRONIC
INFORMATION FROM NON-PARTY ELLYN FREED'S PERSONAL COMPUTER             Case No. C05-787 PVT

(iii) remove all files or emails that contain Freed's social security number or the social security number of any family member, (iv) remove all files or emails that contain a financial institution password or pin number, and (v) make a copy of the personal computer hard drive.  Devcon and Freed agree that Freed will produce to Devcon a paper copy of any non-privileged files or emails removed pursuant to paragraph 3(iii) or 3(iv) that are responsive to the Subpoena (with any social security numbers, passwords or pin numbers redacted).  Any such removed files or emails that are both responsive to the Subpoena and privileged shall be included on a privilege log.

4. At Freed's option, Freed may request, and Kroll Ontrack will promptly provide, an exact sector copy of the images taken by Kroll Ontrack.  Freed agrees to pay Kroll Ontrack for all incremental costs associated with any such request.

5. Kroll Ontrack will be instructed and authorized to:

   a. Visually and physically examine the Subject Computer and record its condition.  Kroll Ontrack shall perform specific computer forensic and electronic discovery tasks agreed to by the parties, as set forth in Appendix A;

   b. Connect the Subject Computer to Kroll Ontrack's equipment and make a sector-by-sector forensic image of the Computer Evidence, which will be downloaded to alternate media;

   c. Review the Subject Computer on Kroll Ontrack's equipment;

   d. Conduct searches of the allocated and unallocated space on the Subject Computer, as set forth in Appendix A.

6. Kroll Ontrack will return the Subject Computer to Freed in a sealed container within seven (7) days of receipt from Freed or her counsel.

7. Kroll Ontrack will be instructed to conduct its data recovery in the least intrusive manner necessary to facilitate the retrieval of such data.

8. Kroll Ontrack's inspection of the Subject Computer will not waive any applicable privilege, doctrine of estoppel, or other doctrine or principle assuring the confidentiality of the information on the computer.  Kroll Ontrack will maintain all information in the strictest confidence.

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

2
STIPULATION AND [PROPOSED] ORDER GOVERNING THE DISCOVERY OF CERTAIN ELECTRONIC
INFORMATION FROM NON-PARTY ELLYN FREED'S PERSONAL COMPUTER        Case No. C05-787 PVT

9. Aside from the authorized Kroll Ontrack representatives, only personnel nominated by counsel for both Devcon and Freed may be present during the mirror image backup of the electronic media. The computer personnel nominated by Freed's counsel shall have the right, but are not required, to access the electronic media after Kroll Ontrack has created mirror images of said media for the purpose of making additional mirror images. Once Kroll Ontrack has completed the mirror imaging process and returned the Subject Computer to Freed, Freed may return the Subject Computer to normal use or otherwise dispose of the Subject Computer.

10. Kroll Ontrack shall have the right to shield from direct observation any proprietary procedures or processes used during the mirror image backups or its subsequent searches of the mirror image backup, as described in Appendix A. If requested, Kroll Ontrack shall make a representative of the company reasonably available for deposition or trial testimony to testify concerning its inspection and findings.

11. After Kroll Ontrack has been afforded access per this Stipulation and Order to the Subject Computer and has conducted its data recovery efforts, within 14 days, it shall provide to counsel for both Freed and Devcon a file listing of the data pursuant to the parameters contained in Appendix A.

12. Kroll Ontrack shall advise counsel for Freed and Devcon whether any of these files were "deleted" files recovered through forensic analysis and, per the protocols defined in Appendix A, provide counsel for both Freed and Devcon with (i) any available information showing when any recovered "deleted" file was deleted; (ii) the available information about the deletion and contents of any deleted file that cannot be recovered, and (iii) those lists or other documents containing information derived from Kroll Ontrack's inspection as set forth in Appendix A.

13. Kroll Ontrack will provide or disclose the contents of any files or other information it develops only in accordance with the protocols specified in this Stipulation and Order, unless otherwise directed by the Court or instructed by counsel for Freed and Devcon by mutual agreement. Kroll Ontrack will search the following three basic kinds of data on the

Subject Computer: (i) active files, that is, all files visible to the computer's user on the hard drive, (ii) previously deleted files that are recovered by Kroll Ontrack, and (iii) unallocated/slack data on the hard drive that is no longer in a file format. Upon searching these data, Kroll Ontrack will produce a list(s) of the files that will disclose the identity of the files by listing certain information as specified in this Stipulation and Order. Concomitant with the disclosure of the initial listing(s) to counsel for Freed and Devcon, Kroll Ontrack will also produce to Freed's counsel the full results of its search of the data for review and potential production to Devcon pursuant to the parameters set forth below.

14. Promptly upon receiving the listing(s) and search results from Kroll Ontrack, Freed's counsel shall review the information for responsiveness to Devcon's Subpoena and for privilege under the law of the case and any applicable privilege law, and, if applicable, shall designate any applicable materials under the Protective Order and then produce to Devcon within 21 days all non-privileged documents responsive to the Subpoena or other agreed-upon information generated by Kroll Ontrack. The parties shall make reasonable efforts to limit the search results generated by Kroll Ontrack for review by Freed's counsel through methods such as modifying key words/search parameters or other techniques that Kroll Ontrack suggests. Counsel for Freed shall also provide Devcon with a privilege log sufficient to allow Devcon to challenge any claim of privilege by Freed or sufficient for an *in camera* review of documents by the Court.

15. Before Freed provides the Subject Computer to Kroll Ontrack, Kroll Ontrack shall provide counsel for Freed and Devcon a list of all employees who will have access to or participate in the creation or review of the Subject Computer or Computer Evidence. Each Kroll Ontrack employee identified, and an authorized officer on behalf of Kroll Ontrack, shall sign a writing stating that he or she agrees to comply with the Protective Order entered in this case and this Stipulation and Order. Kroll Ontrack and its officers and employees participating in this assignment shall also agree in that writing to be subject to the jurisdiction of this Court for the purpose of enforcing the Protective Order and this Stipulation and Order.

//

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

4
STIPULATION AND [PROPOSED] ORDER GOVERNING THE DISCOVERY OF CERTAIN ELECTRONIC
INFORMATION FROM NON-PARTY ELLYN FREED'S PERSONAL COMPUTER          Case No. C05-787 PVT

16. Devcon and Freed agree that any unauthorized disclosure of Freed's personal information on the Subject Computer, including without limitation highly sensitive personal financial information, or any use of such information outside of the Litigation, may cause immediate and irreparable injury to Freed due to the highly sensitive nature of the information. Accordingly, Devcon and Freed agree that, in the event of such unauthorized disclosure or use, Freed may be entitled, without waiving any other rights or remedies, to such injunctive or equitable relief as may be deemed proper by a court of competent jurisdiction.

17. At the end of the Litigation, Kroll Ontrack shall return to counsel for Freed all mirror image backups made of the Subject Computer that were in Kroll Ontrack's possession and shall attest that Kroll Ontrack made no other copies and that all documents in Kroll Ontrack's possession containing information restored from, relating to or derived from the original electronic media have been destroyed. In the meantime, Kroll Ontrack shall ensure the security and confidentiality of the original electronic media and information derived from them.

18. Communication between Kroll Ontrack and any of the parties shall include all parties except when Kroll Ontrack supplies Freed's counsel with the electronic data or other information recovered or its contents, provided that Kroll Ontrack promptly notifies Devcon that communications took place with counsel for Freed for such purposes.

The parties further stipulate, and hereby respectfully request, that the terms of this Stipulation be made an Order of the Court.

**SO STIPULATED:**

Dated: May 20, 2005  **MILLER, MORTON, CAILLAT & NEVIS, LLP AND REED SMITH LLP**

By: _____/s/_____
FRANCIS J. HUGHES, Esq.
CAROLYN TOBIASON STUART, Esq.
CHRISTOPHER J. HERSEY, Esq.
25 Metro Drive, 7th Floor
San Jose, CA  95110
(408) 292-1765 (Phone)
(408) 436-7282 (Fax)

```
                KURT F. GWYNNE, Esq.
                1201 Market Street, Suite 1500
                Wilmington, DE  19801
                (302) 778-7500 (Phone)
                (302) 778-7575 (Fax)

                ALAN K. COTLER, Esq.
                JOAN A. YUE, Esq.
                One Liberty Place, Suite 2500
                1650 Market Street
                Philadelphia, PA  19103
                (215) 241-7907

                Attorneys for Defendant DEVCON
                CONSTRUCTION, INC.
```

Dated: May 20, 2005     **QUINN EMANUEL URQUHART OLIVER &**

                                         **HEDGES, LLP**

By: _____/s/_____
DAVID EISEMAN, Esq.
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600 (Phone)
(415) 875-6700 (Fax)

Attorneys for Ellyn Freed

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ___6/10/05___, 2005       ___/s/  Patricia V. Trumbull_____
                                  HON. PATRICIA V. TRUMBULL
                                  CHIEF UNITED STATES MAGISTRATE JUDGE

::ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.LitigationLibrary:125330.1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

6

STIPULATION AND [PROPOSED] ORDER GOVERNING THE DISCOVERY OF CERTAIN ELECTRONIC
INFORMATION FROM NON-PARTY ELLYN FREED'S PERSONAL COMPUTER          Case No. C05-787 PVT