Stephen J. Kottmeier (State Bar No. 077060)
Jay M. Ross (State Bar No. 151750)
Tod C. Gurney (State Bar No. 199813)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:   (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Defendants
SHARP DEVELOPMENT COMPANY, INC. and
SHARP LAFAYETTE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re,<br><br>EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.),<br><br>Debtor, | CASE NO. C 05-787 PVT<br><br>**STIPULATION AND [PROPOSED] AMENDED PROTECTIVE ORDER** AND ADDENDUM THERETO  PVT |
| EXDS, INC. (f/k/a/ EXODUS COMMUNICATIONS, INC.),<br><br>Plaintiff,<br><br>v.<br><br>DEVCON CONSTRUCTION, INC.; SHARP DEVELOPMENT COMPANY, INC.; and SHARP LAFAYETTE, LLC,<br><br>Defendants. | |

   **WHEREAS,** on or about July 12, 2004, the Honorable Kent A. Jordan of the United States District Court for the District of Delaware approved the proposed "Protective Order Under

1  Fed. R. Civ. P. 26(c)(7)" (hereinafter the "Stipulated Protective Order") submitted by plaintiff

2  EXDS, Inc. ("EXDS"), defendant Devcon Construction, Inc. ("Devcon"), and defendants Sharp

3  Development Company, Inc., and Sharp Lafayette, LLC (collectively "Sharp") (hereinafter

4  collectively the "Parties"), a true and correct copy of which is attached hereto as **Exhibit A**, to the Stipulation and [Proposed] Amended Protective Order, filed herein on 6/15/05; PVT

5  **WHEREAS,** on or about May 18, 2005, the Parties appeared before the Honorable Chief

6  Magistrate Judge Patricia V. Trumbull by telephone regarding a dispute which arose during the

7  Rule 30(b)(6) deposition of Sharp;

8  **WHEREAS,** the Court issued a written order on May 18, 2005, stating that pending the

9  entry of a stipulated protective order governing the handling of any confidential information

10 produced in this action, any party may designate confidential information "Confidential –

11 Attorneys Eyes Only" during a deposition, which information shall only be disclosed to counsel

12 of record for the Parties unless and until either the designating party agrees in writing to remove

13 the designation, or the Court orders the information to be de-designated after a properly noticed

14 motion;

15 **WHEREAS,** the Court's May 18, 2005 order required that "no later than June 15, 2005,

16 the parties shall submit either a stipulated form of protective order, or else their respective

17 proposals for a protective order to govern the handling of confidential information produced

18 during this litigation;" and

19 **WHEREAS,** the Parties desire to amend the already existing Stipulated Protective Order

20 as set forth herein below (hereinafter this document shall be referred to as the "Amended

21 Protective Order").

22 NOW THEREFORE, the Parties, and each of them, by and through their respective

23 counsel, agree and stipulate as follows:

24     1.    This Amended Protective Order shall govern the handling of documents during the

25 pretrial phase of this adversary proceeding. Unless otherwise agreed to in writing by the person

26 or entity that designates material PVT "Confidential Material" or "Confidential – Attorneys' Eyes

27 Only Material," as defined herein below, or until the Court orders otherwise, any Party, person, or

28 entity receiving "Confidential Material" or "Confidential – Attorneys' Eyes Only Material" shall

1  use it only for purposes set forth herein and shall not disclose that information to anyone other
2  than as permitted herein.

3  2.  "Confidential Material" as used herein means trade secrets or other proprietary or
4  confidential research, development or commercial information entitled to confidential treatment
5  pursuant to Fed. R. Civ. P. 26(c)(7). Use of Confidential Material during pretrial proceedings and
6  discovery shall be governed by this Amended Protective Order.

7  3.  "Confidential – Attorneys Eyes Only Material" as used herein means extremely
8  sensitive and private "Confidential Material" that warrants a higher degree of protection ~~from~~
9  because the potential for injury from disclosure is substantial and cannot
   ~~disclosure than provided for Confidential Material, including but not limited to confidential~~
10 be prevented through means less restrictive of a party's access to
   ~~financial, proprietary, or trade secret information.~~ its lawyer.

11 4.  A "Subject Party," for the purposes of this Order, means the following: EXDS, the
12 EXDS Plan Administrator, the EXDS Plan Committee, Devcon, Sharp, Ernst & Young LLP
13 ("E&Y"), and Commercial Property Services ("CPS"), and/or any person or entity that is a
14 respondent to a subpoena properly issued in this proceeding.

15 5.  Any document produced ~~by one~~ to a Subject Party ~~to another Subject Party~~ in this litigation, whether
16 pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure,
17 order of Court, or voluntarily, may at the time of production be designated by the producing
18 party, or non-party, ~~Subject Party~~ as Confidential Material or Confidential – Attorneys Eyes Only Material if the
19 producing ~~Subject Party~~ party or non-party, and its attorney, in good faith believes that the document meets the definition of
20 Confidential Material or Confidential – Attorneys Eyes Only Material above. ~~The Subject Party~~ Any person or entity
21 ~~to whom such production is made~~ shall have the right to challenge any such designation, with any
22 such dispute to be resolved by the Court, and the designating ~~producing~~ party shall have the burden to
23 establish that the document is properly designated as Confidential Material or Confidential –
24 Attorneys Eyes Only Material and subject to this Amended Protective Order. Each page ~~of each~~ that
25 ~~such designated document~~ contains confidential information shall be clearly stamped with either of the following legends:

26              "DESIGNATED CONFIDENTIAL MATERIAL"
27                                or
28           "CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL"

1  Such legend need not be placed on the original document but may instead be placed upon the
2  copies produced or exchanged. If so designated, and unless and until otherwise ordered by the
3  Court, Confidential Material and Confidential – Attorneys Eyes Only Material shall be subject to
4  the restrictions contained in ~~Paragraphs 7 and 8 of~~ this Amended Protective Order.

5  6.  Any oral or transcribed testimony and/or evidence, or magnetic media containing
6  portions of a deposition transcript (e.g., videotape or computer disk) ~~of a Subject Party or its~~
7  ~~current or former agents at any deposition~~ may be designated (orally on the record before, during
8  or at the conclusion of such testimony, or in writing within fourteen (14) calendar days after
9  receipt of the transcript) by ~~that Subject Party~~ a party or non-party as Confidential Material or Confidential –
10  Attorneys Eyes Only Material if ~~that Subject Party~~ the designating party or non-party, and its counsel, in good faith believes that the testimony meets
11  the definitions of Confidential Material or Confidential – Attorneys Eyes Only Material in this
12  Amended Protective Order. Any ~~Subject Party~~ party or non-party shall have the right to challenge any such
13  designation made, with any such dispute to be resolved by the Court, and the party designating
14  such testimony shall have the burden to demonstrate that the testimony is properly designated as
15  Confidential Material or Confidential – Attorneys Eyes Only Material and subject to this
16  Amended Protective Order. If such designations are made, the cover page of the original
17  transcript and each copy thereof, and each page of the transcript containing the designated portion
18  of the testimony, shall bear either of the following legends:

19  "DESIGNATED CONFIDENTIAL MATERIAL"
20  or
21  "CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL"

22  If so designated, and unless and until otherwise ordered by the Court, such testimony and the
23  substance thereof shall be subject to the restrictions contained in ~~Paragraphs 7 and 8 of~~ this
24  Amended Protective Order.

25  7.  The Subject Parties shall not disclose documents or testimony designated as
26  "Confidential Material" (or the contents or substance thereof) to anyone except (i) attorneys (and
27  support staff thereof) of the Subject Parties; (ii) consulting and/or testifying experts retained by
28  the Subject Parties; (iii) the officers, directors, and employees of the Subject Parties that were

directly involved in and have knowledge of the matters alleged in the Complaint filed by EXDS to initiate this proceeding, and/or that are directly involved and participating in this litigation; (iv) potential or actual witnesses; (v) any mediator or arbitrator engaged by the parties in this adversary proceeding; ~~(vi) the Court;~~ and (vii) court reporters, videographers, and any other persons involved in recording deposition or in-court testimony in this action (collectively, the "Authorized Recipients"). *Nothing herein precludes disclosure of Confidential material to the court and court personnel in the course of their duties.* PVT

8. The Subject Parties shall not disclose documents or testimony designated as Confidential – Attorneys Eyes Only Material (or the contents or substance thereof) to anyone except to the persons identified in sections (i) [attorneys], (ii) [consulting and/or testifying experts], (v) [mediators or arbitrators], ~~(vi) [the Court]~~ PV, and (vii) [court reporters, videographers] of Paragraph 7 above (collectively "Attorneys Eyes Only Recipients"). *Nothing herein precludes disclosure of Confidential Attorneys* PVT

9. PV If a Subject Party, Authorized Recipient, or Attorneys Eyes Only Recipient (collectively "Receiving Parties") learns that, by inadvertence or otherwise, it has disclosed Confidential Material or Confidential -- Attorneys Eyes Only Material to any person or in any circumstance not authorized under this Amended Protective Order, the Receiving Party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the Confidential Material or Confidential -- Attorneys Eyes Only Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10. Any Authorized Recipient that receives Confidential Material and any Attorneys' Eyes Only Recipient that receives Confidential – Attorneys' Eyes Only Material shall, in advance, be advised of the existence and application of this Amended Protective Order, including without limitation, its application to their employees and support staff, if they have any, and shall agree to be bound thereby. Material designated as Confidential Material or Confidential – Attorneys' Eyes Only Material and the contents thereof shall not be copied, compiled, summarized or otherwise disclosed, orally or in writing, except by and for the sole use of Authorized Recipients who receive Confidential Material and Attorneys' Eyes Only Recipients who receive Confidential – Attorneys' Eyes Only Material. The Authorized Recipients and

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

352\430543.2  - 5 -

AMENDED STIPULATED PROTECTIVE ORDER

Attorneys' Eyes Only Recipients shall be entitled to copy and use the documents designated as Confidential Material or Confidential – Attorneys' Eyes Only Material, respectively, solely in connection with the prosecution or defense of this adversary proceeding, provided, however, that this Amended Protective Order does not in any way affect or govern the right of the parties to use material designated as Confidential Material or Confidential – Attorneys' Eyes Only Material pursuant to this Amended Protective Order in connection with the adversary proceeding styled <u>EXDS, Inc. v. Ernst & Young, LLP</u>, Adv. No. 03-56183, currently pending in the United States District Court for the District of Delaware, and/or any mediation/arbitration proceedings relating to the matters therein (collectively, the "E&Y Arbitration"). The use of Confidential Material or Confidential – Attorneys' Eyes Only Material in the E&Y Adversary Proceeding is a matter for the Judge in that action to decide, and use of Confidential Material or Confidential – Attorneys' Eyes Only Material in the E&Y Arbitration is a matter for the arbitration panel in the E&Y Arbitration to decide.

11.     Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material or Confidential – Attorneys Eyes Only Material. A party that seeks to file under seal any Confidential Material or Confidential – Attorneys Eyes Only Material must comply with Civil Local Rule 79-5. In the event that Confidential Material or Confidential – Attorneys Eyes Only Material is used in any Court proceeding, it shall not lose its status through such use, unless it is publicly disclosed. [handwritten: p v1]

12.     Counsel for the respective Parties shall address in the pretrial order how they propose to handle the use and disclosure of Confidential Material and Confidential – Attorneys Eyes Only Material at trial.

13.     Within ninety (90) days after this proceeding is finally concluded, including the exhaustion of all possible appeals, any Subject Party, Authorized Recipient, or Attorneys' Eyes Only Recipient that has received Confidential Material or Confidential – Attorneys Eyes Only Material covered by this Amended Protective Order shall return or destroy all such material, including all copies, notes, summaries, compilations, or other documents containing the substance

thereof, except the work product of attorneys and/or designated deposition transcripts in the possession of counsel to any Subject Party.

14. Any Subject Party, Authorized Recipient, or Attorneys Eyes Only Recipient who violates this Amended Protective Order shall be liable only for actual damages suffered, provided, however, that consent to entry of this Amended Protective Order shall not, in of itself, be construed as submission to personal jurisdiction in the Northern District of California in any civil action arising out of any alleged violation of this Amended Protective Order.

15. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Confidential Material or Confidential – Attorneys Eyes Only Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**IT IS HEREBY STIPULATED.**

Dated: June 15, 2005

HOPKINS & CARLEY
A Law Corporation

By: _____//s//_____
Tod C. Gurney
Attorneys for Defendants SHARP DEVELOPMENT COMPANY, INC. and SHARP LAFAYETTE, LLC

Dated: June 15, 2005

KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By: _____//s//_____
Kenneth E. Keller
Attorneys for Plaintiff, EXDS, INC.

*Signatures & Order on Next Page*

Dated: June 15, 2005                                  MILLER, MORTON, CAILLAT & NEVIS

                                                      By: _____//s//_____
                                                          Christopher Hersey, Esq.
                                                          Attorneys for Defendant DEVCON
                                                          CONSTRUCTION, INC

**IT IS SO ORDERED:**

Dated: __7/25__, 2005    _Patricia V. Trumbull_
                         Magistrate JUDGE OF THE DISTRICT COURT

# ADDENDUM TO PROTECTIVE ORDER
*EXDS, Inc. v. Devcon Construction, Inc., et al.*
Case No. C05-0787 PVT

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential -- Attorneys Only," the designating party's counsel shall make a good faith determination that the information warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential -- Attorneys Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. *See, e.g., THK America v. NSK Co., Ltd.*, 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).

    Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-

designated.

REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file any document(s) designated "Confidential" or "Confidential -- Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). Unless otherwise ordered by the Court, **WITHIN FIVE DAYS AFTER ANY REQUEST FOR SEALING IS FILED**, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). The parties are cautioned that "Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Further, the factual showing must address separately each portion of the materials that the party contends warrants protection. *See* Civil Local Rule 79-5.

Dated: 7/25/05

PATRICIA V. TRUMBULL
United States Magistrate Judge

-ii-